**LANKLER SIFFERT & WOHL LLP**
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

November 30, 2017

**BY ECF:**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: <u>United States v. Percoco, et al.</u>, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

      We respectfully submit this letter on behalf of Peter Galbraith Kelly, Jr., in brief reply to the Government's letter, dated November 29, 2017, defending its failure to comply with the Court's April 6, 2017 order requiring prompt disclosure of <u>Brady</u> material.[1]

      In its October 13, 2017 Rule 404(b) notice, the Government announced its intention to argue at trial that Mr. Kelly hired the daughter of a union leader "in exchange for" the union leader's "continued support" of the Energy Company's power plant. It is now apparent that there is no evidence to support that allegation, as the only potential witness to it—the union leader—flatly denied in 2016 that there was any <u>quid</u> <u>pro</u> <u>quo</u>. To the contrary, he has stated that he "could not provide anything in return" and that Mr. Kelly merely "did [him] a favor by providing [the daughter] an internship." The Government suggests that when the union official said he "could not provide *anything* in return," he meant he would provide continued support for the plant in return. But, in the same interview, the official told the Government that he already supported the power plant "anyway." If the union official had already supported the plant "anyway," and he never raised the prospect of withdrawing that support, there was no reason for Mr. Kelly to secure the official's continued support.

      The Government's letter makes clear it plans to ask the jury to speculate that Mr. Kelly's intent in hiring the daughter was to bribe the father. That speculation is utterly without basis in the evidence, is contrary to any available inference from the union official's statement, and can only cause unfair prejudice. <u>See</u> Fed. R. Evid. 403.

      Moreover, the Government's attempt to excuse its failure to disclose the union official's

---

[1] The Government's letter is replete with factual allegations that are irrelevant to the issue of whether it has violated the Court's <u>Brady</u> order. The defense vigorously disputes these allegations.

LANKLER SIFFERT & WOHL LLP

statement for over a year—notwithstanding the Court's April 7, 2017 order to produce Brady "promptly"—misses the mark.  Even if the Government believes it can somehow reconcile the official's statement with its theories, there can be no question that the union official's statement is Brady material.  This is a bribery case, and the union official expressly denied a quid pro quo.  Under the Court's order and the Government's own policies, this material should have been disclosed much earlier.  See U.S. Attorneys' Manual 9-5.001(C) and (D), available at https://www.justice.gov/usam/usam-9-5000-issues-related-trials-and-other-court-proceedings (citing cases) (requiring disclosure of exculpatory information beyond that which is constitutionally required) ("Exculpatory information must be disclosed reasonably promptly after it is discovered.")

       In light of the union official's denial, the absence of any evidence that Mr. Kelly hired the daughter as part of a quid pro quo, and the Government's failure to disclose exculpatory evidence "promptly," we respectfully ask that the Government be precluded from arguing that Mr. Kelly hired the union official's daughter with the intent to secure the official's continued support for the plant.  We also respectfully ask that the Court order the other relief sought in our letter, dated November 26, 2017.

Respectfully submitted,

/s/ Daniel M. Gitner
Daniel M. Gitner
Jun Xiang
Rachel S. Berkowitz

**CC**:

All Counsel