**LANKLER SIFFERT & WOHL LLP**
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

December 20, 2017

**BY ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: **United States v. Percoco, et al.**, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

    We respectfully submit this letter on behalf of Peter Galbraith Kelly, Jr. and his co-defendants Joseph Percoco, Steven Aiello, and Joseph Gerardi (together with Mr. Aiello, the "Syracuse Defendants").

    Pursuant to the Court's instruction at the Pre-Trial Conference, the parties have worked together to develop a joint Jury Questionnaire. While we have agreed on the majority of the questions, the defense has proposed some questions with which the Government disagrees. Those questions (6, 8, 9, 10, and part of 16) are bracketed in the attached document. In the footnotes, the defense explains why these questions are appropriate for inclusion in the Jury Questionnaire.

    Pursuant to the Court's further instruction, we also write regarding our application for additional peremptory challenges. As the Court is aware, this case includes two separately alleged schemes. It is undisputed that Mr. Kelly did not participate in the scheme in which the Syracuse Defendants are charged, and vice versa. Indeed, the Court's Opinion and Order resolving the pre-trial motions noted that "the joinder of the January Trial Group Defendants (Percoco, Kelly, Aiello, and Gerardi) presents a closer question [than the joinder of the Second Trial Group]" given that "[t]he crimes alleged against [the January Trial Group Defendants] are not as similar to each other as the RFP charges are in the Second Trial Group, as they contemplate different types of action from Howe and Percoco for those actions' respective beneficiaries." (Doc. No. 390 at 26). Your Honor then cited the S2 Indictment to demonstrate

LANKLER SIFFERT & WOHL LLP

December 20, 2017
Page 2

that the allegations against Mr. Kelly involve securing emissions credits whereas the allegations against the Syracuse Defendants involve averting a labor agreement.  (Id. at n.14).  Given these differences, it is plain that Mr. Kelly and the Syracuse Defendants would have different strategic approaches to their peremptory challenges.  Just because Mr. Kelly and the Syracuse Defendants happen to share a jury—notwithstanding the fact that they are charged in two completely separate, non-overlapping schemes—does not mean it is fair for Mr. Kelly and the Syracuse Defendants to share their strikes.

Rule 24(b)(2) of the Federal Rules of Criminal Procedure provides that the Government has 6 peremptory challenges and the defendants have 10 peremptory challenges; in other words, the Government receives 60% of the challenges that the defense receives.  In discussing this application on a phone call with the Government, the Government indicated that if extra strikes were granted, the Government would want the proportion of Government strikes to defense strikes to remain consistent with Rule 24.  Consistent with that conversation, the defense proposed that the Government have 8 strikes and the defendants have 14 strikes.  In terms of the ratio of Government to defense strikes, this proposal is nearly the same as what Rule 24 provides.  The defense proposal gives the Government approximately 57% of the strikes that the defense has (8/14 = approximately .57).  Put differently for ease of comparison, the ratios are 21:35 (Rule 24) and 20:35 (defense proposal), respectively.  This proposal allows for only one extra strike per defendant, while it provides two extra strikes for the Government.  As set forth above, the defense believes that the extra strikes are fair given the number of defendants and the nature of the case.  The Government informs us that it objects to this application.

Respectfully submitted,

LANKLER SIFFERT & WOHL LLP

By:       /s/ Daniel M. Gitner

Daniel M. Gitner
Jun Xiang
Rachel S. Berkowitz

**CC:**

All Counsel (Via ECF)