# LANKLER SIFFERT & WOHL LLP
## ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

February 2, 2018

**BY ECF:**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **United States v. Percoco, et al.**, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

We write on behalf of Peter Galbraith Kelly, Jr., and respectfully submit this letter to strike testimony elicited by the Government yesterday during Steve Remillard's re-direct examination, as improper under Federal Rules of Evidence 401, 403, and 404(b).

During the re-direct, the Government asked Mr. Remillard questions about defense exhibit BKX 54A, a spreadsheet which lists various expenses of the CPV Valley project.[1] Specifically, the Government directed Mr. Remillard's attention to a line item on the spreadsheet reflecting that CPV paid a particular law firm. The Government elicited testimony that an attorney at the law firm was retained by CPV as outside counsel and that the attorney's father was a New York State senator. (Tr. 1853:1–1854:4).

The Government's questions on this topic were improper. The fact that one of CPV's outside lawyers was the son of a New York State senator has no relevance to any of the issues in this case. In fact, as Mr. Remillard testified—and as the Government likely knew when it elicited this testimony—the attorney was introduced to CPV through someone *other than* Mr. Kelly. (Tr. 1853:25–1854:4). Indeed, we understand that CPV retained this attorney *before* Mr. Kelly joined CPV in 2008.

The Government's only apparent purpose in eliciting this testimony was to invite the jury to speculate that there is some connection between CPV's hiring of this attorney (the son of a New York State official) and Mr. Kelly's hiring, many years later, of Lisa Percoco. The testimony is clearly irrelevant since it has no bearing on the issue in this case—whether Mr. Kelly hired Lisa Percoco in 2012 to bribe Joseph Percoco. Fed. R. Evid. 401. Neither Mr. Kelly

---

[1] The defense introduced the exhibit to show that Mr. Remillard and others at CPV knew that Potomac Strategies and Whiteman Osterman & Hanna had been retained to work as a lobbyists for the Valley project.

Lankler Siffert & Wohl LLP

February 2, 2018
Page 2

nor Todd Howe had any involvement in CPV retaining this attorney, which occurred before Mr. Kelly joined CPV or met Mr. Howe.

The unfair prejudice is equally obvious.  Fed. R. Evid. 403.  The Government plainly intended to suggest that Mr. Kelly engages in a pattern of hiring the relatives of New York State officials for corrupt purposes and that the hiring of Lisa Percoco was part of that pattern.  Even if there were an evidentiary basis for such a suggestion—and, clearly, there is none, giving the testimony *no* probative value—that is the type of prior bad act evidence for which notice is required under Rule 404(b).  The Government provided no such notice.

We respectfully request that this testimony be stricken, in its entirety, from the record and that the Government be precluded from raising this issue through any other witness.  In addition, we may ask the Court to give a brief limiting instruction on Monday.

Respectfully submitted,

LANKLER SIFFERT & WOHL LLP

By:_____/s/ Daniel M. Gitner_____

Daniel M. Gitner
Jun Xiang

**CC**: All Counsel (Via ECF)