

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 11, 2018

Via ECF
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **United States v. Peter Galbraith Kelly, Jr.,**
                       **S3 16 Cr. 776 (VEC)**

Dear Judge Caproni:

      The Government respectfully submits this letter regarding a potential conflict of interest faced by counsel for Peter Galbraith Kelly, Jr., who is currently scheduled to be sentenced on October 16, 2018 at 3:00 p.m.  As the Court is aware, Daniel Gitner, of Lankler Siffert & Wohl LLP ("Lankler"), represents the defendant.  Jun Xiang is an associate at Lankler who has participated and continues to participate in the representation.  On June 28, 2018, Mr. Xiang submitted an application for a position as an Assistant United States Attorney to the U.S. Attorney's Office for the Southern District of New York (the "USAO-SDNY"), and informed the undersigned Assistant United States Attorneys that he has applied on that same day.  Mr. Gitner has since represented to the Government that he and Mr. Xiang informed the defendant of Mr. Xiang's intention to apply to the USAO-SDNY prior to Mr. Xiang submitting his application in June 2018, and that the defendant consented to Mr. Xiang's continued involvement in his case.

      In an abundance of caution, as a result of Mr. Xiang's application, and the potential conflict of interest that it presents, the Government respectfully requests that the Court schedule a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982).  Mr. Gitner and Mr. Xiang request that the Curcio be held on October 16, 2018, just prior to the scheduled sentencing of Mr. Kelly, and the Government consents to that request.

### Applicable Law

      The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes "the right to representation by conflict free counsel." United States v. Schwarz, 283 F.3d 76, 90 (2d Cir. 2002) (quoting United States v. Blau, 159 F.3d 68, 74 (2d Cir. 1998)).  District courts have two separate obligations where there is a potential conflict of interest.  First, there is an "inquiry obligation," pursuant to which the court

Hon. Valerie E. Caproni                                                      Page 2
October 11, 2018

must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994). Second, if the district court finds that the defendant's attorney faces an actual or potential conflict, a "disqualification/waiver" obligation arises, pursuant to which the court must either: (i) disqualify the attorney if the conflict is sufficiently severe, or (ii) if the conflict may be waived, conduct a Curcio hearing to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

Three types of conflicts of interest are the subject of judicial inquiry and can potentially result in the deprivation of the effective assistance of counsel: (i) a per se conflict; (ii) an actual conflict; or (iii) a potential conflict that results in prejudice to the defendant. See Armienti v. United States, 313 F.3d 807, 810 (2d Cir. 2002); United States v. John Doe No. 1, 272 F.3d 116, 125 (2d Cir. 2001).

In the Second Circuit, per se conflicts have been found only in two classes of cases: where defense counsel "is not authorized to practice law" and where defense counsel "is implicated in the very crime for which his or her client is on trial." Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000); see also Solina v. United States, 709 F.2d 160, 164 (2d Cir. 1983) (unlicensed attorney); United States v. Cancilla, 725 F.2d 867, 868-70 (2d Cir. 1984) (attorney implicated in client's crime). The Second Circuit has "repeatedly" and consistently refused to extend the per se rule beyond the two prescribed categories. Strouse v. Leonardo, 928 F.2d 548, 555 (2d Cir. 1991) ("[T]his court has repeatedly declined to extend the per se rule beyond the sort of egregious conduct present in Solina and Cancilla." (internal quotation marks and citation omitted)).

An actual conflict exists where, "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material legal or factual issue or to a course of action." United States v. Schwarz, 283 F.3d at 91 (applying standard derived from Cuyler v. Sullivan, 446 U.S. 335 (1980)). To show divergent interests, "[s]peculation is not enough." Triana v. United States, 205 F.3d 36, 42 (2d Cir. 2000). Nor is a "mere theoretical division of loyalties." Mickens v. Taylor, 535 U.S. 162, 171 (2002). There can be an actual conflict of interest only if "the attorney's current representation is impaired by the loyalty he owes a former client." United States v. Leslie, 103 F.3d 1093, 1098 (2d Cir. 1997) (citing United States v. Malpiedi, 62 F.3d 465, 469 (2d Cir. 1995)).

"An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" United States v. Perez, 325 F.3d 115, 125 (2d Cir. 2003) (quoting United States v. Kliti, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a Curcio hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." Id. at 127.

The Second Circuit has set forth the requirements for such a Curcio hearing in great detail:

At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

United States v. Perez, 325 F.3d at 119.

## Conclusion

Pursuant to the foregoing authority, the Government respectfully submits that, (i) Mr. Xiang's pending application presents a potential conflict of interest that may be waived by the defendant during a Curcio hearing; and (ii) the circumstances of this potential conflict do not warrant disqualification based on the Court's independent duty to protect the integrity of these proceedings. Enclosed please find a proposed examination for the requested Curcio proceeding.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney


By: /s Janis Echenberg
    Janis Echenberg/Robert Boone
    David Zhou/Matthew Podolsky
    Assistant United States Attorneys
    (212) 637-2597/2208/2438/1947

Enclosure

Cc:   Daniel Gitner, Jun Xiang
      (By ECF)

**Proposed Examination of Peter Galbraith Kelly, Jr.**

## I.   Introductory Questions To Establish Competence

1.   Do you currently consult a doctor for any condition?

2.   Are you currently under the influence of alcohol or drugs of any kind?

3.   Are you feeling well enough to proceed with this hearing today?

## II.   The Potential Conflict

4.   Are you currently represented by Daniel Gitner of the law firm of Lankler Siffert & Wohl LLP?

5.   Is Mr. Gitner retained or appointed counsel?

6.   Has Jun Xiang, who also works at Lankler, been involved in your representation?

7.   Do you know that Mr. Xiang has applied for a position as a federal prosecutor at the United States Attorney's Office for the Southern District of New York, the same office that is prosecuting you in this case?

8.   Because of Mr. Xiang's potential employment with the United States Attorney's Office for the Southern District of New York, I wish to advise you of certain matters.  You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings.  You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel.  If you cannot afford an attorney, an attorney will be appointed to represent you without cost.  Do you understand?

9.   It is essential to the idea of an adequate defense in a criminal proceeding that your attorney have no conflicts or adverse interests of any kind.  That is to say, he or she cannot, unless it is with your knowledge and consent, have any conflicting interest in the case.  You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty.  The purpose of this law is to ensure that you have a full devoted defense furnished to you, including at sentencing, by an attorney who has no other possible interest of any kind in this matter.  Do you understand that?

10.   Do you understand that Mr. Xiang's potential employment with the United States

Attorney's Office for the Southern District of New York, as a prosecutor, creates the potential that he may have allegiances to interests that may be adverse to your own interests?

11. Do you understand there is a possibility that Mr. Xiang may not be as zealous or as earnest in his representation of you as he might otherwise be if he did not have such other interests?

12. For example, he may seek to curry favor with the prosecutor's office, rather than pursue your best interests.  Do you understand that possibility?

13. Do you understand that, by deciding to proceed with Mr. Gitner and Mr. Xiang, you are waiving any argument after your sentencing that Mr. Gitner and Mr. Xiang were ineffective or deficient in their representation of you, because Mr. Xiang suffered from a conflict of interest by virtue of his application for a position with the U.S. Attorney's Office?

14. Have you discussed these conflict-of-interest matters with Mr. Gitner and Mr. Xiang?

15. Please describe, in your own words, your understanding of the conflict of interest that potentially arises from Mr. Xiang's representation of you while pursuing his application for a position with the United States Attorney's Office as a federal prosecutor.

### III.  **Curcio Counsel**

16. Do you understand that you have a right to consult with a lawyer other than Mr. Gitner or Mr. Xiang in order to determine whether you wish Mr. Gitner and Mr. Xiang to represent you?

17. Do you understand that if you cannot afford other counsel, the Court will appoint counsel to consult with you regarding these conflict of interest matters?  Such an attorney will not be connected with Mr. Gitner and Mr. Xiang, or the Government at all.  Anything you tell that attorney will be a secret between you and the attorney.  The attorney cannot tell Mr. Gitner and Mr. Xiang, me or the Government's attorneys about your discussions with him or her.  Do you understand that?

18. The Court is prepared to adjourn the remainder of this proceeding so that you may consult another attorney.  Would you prefer to adjourn until you can give more thought to this matter?

19. Is there anything that the Court has said that you wish to have explained further?

Is anything unclear?

20. Would you like the opportunity to consult with another attorney?

**IV.    Waiver**

21. [*If applicable*]  Have you had a sufficient opportunity to discuss this potential conflict with your independent counsel?

22. Is there anything that I have said that you wish to have explained further?

23. Do you still wish to proceed with Mr. Gitner and Mr. Xiang as your attorneys in this case and at sentencing this afternoon?

24. Have you received any inducements, promises or threats with regard to your decision about this potential conflict?

25. Is your waiver of your right to conflict-free representation voluntary?

26. Do you agree to waive any and all future arguments, on appeal or otherwise, that you were denied effective assistance of counsel because of Mr. Xiang's pursuit of a position as a federal prosecutor with the Southern District of New York?